UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                              :
                                                    :
ALI AKBAR MARASHI,                                  :
          Debtor.                                 :
--------------------------------------------------------------x
ALI AKBAR MARASHI,                                  :     **MEMORANDUM OPINION**
          Appellant,                              :     **AND ORDER**
                                                    :
v.                                                  :     17 CV 10122 (VB)
                                                    :
KRIS GLASER,                                        :
          Appellee.                               :
--------------------------------------------------------------x

Briccetti, J.:

      Debtor-appellant Ali Akbar Marashi, proceeding pro se, appeals from the United States Bankruptcy Court for the Southern District of New York's (Drain, J.) August 16, 2017, Order and Judgment Declaring Plaintiff's Claim to Be Nondischargeable.

      For the reasons set forth below, the Bankruptcy Court's Order is AFFIRMED.

      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

I.    Record on Appeal

      Under Fed. R. Bankr. P. 8009(a), the appellant must file and serve a designation of record on appeal and statement of the issues to be presented within fourteen days after the appellant's notice of appeal as of right becomes effective under Rule 8002 or an order granting leave to appeal is entered. Within fourteen days of being served, the appellee may then file a designation of additional items to be included in the record. Id. 8009(b). The record on appeal must include, among other things, docket entries kept by the bankruptcy clerk; the judgment, order, or decree

1

being appealed; transcripts of all oral rulings; and any additional items from the record that the court where the appeal is pending orders. Id. 8009(a)(4).

Here, Marashi filed a two-page document that seems to be a statement of issues. Neither party filed a designation of record on appeal, although upon the request of appellee Kris Glaser, who is also proceeding pro se, the Bankruptcy Court provided the Court with a copy of appellee's trial exhibits.

In addition, on April 30, 2018, the Court warned Marashi that if he failed to file a brief in support of his appeal by May 30, 2018, the Court would dismiss the appeal. On May 30, 2018, Marashi filed a barely legible, two-page letter in support of his appeal. Glaser did not file a response.

II.     Factual Background

In 2014, Glaser commenced a civil proceeding against Marashi in Supreme Court, Westchester County. Glaser alleged he had consigned jewelry to Marashi in 2004 and 2005, and Marashi either sold the jewelry and failed to give Glaser the proceeds or improperly retained the proceeds. On March 19, 2015, the state court granted Glaser a default judgment (the "default judgment") against Marashi for $84,685, with interest at the statutory rate, holding Glaser had established Marashi's default and submitted evidence that Marashi had accepted the jewelry for consignment.

On June 12, 2015, Marashi filed a voluntary Chapter 7 petition in the Bankruptcy Court. On September 14, 2015, Glaser commenced an adversary proceeding by filing a complaint against Marashi, seeking a declaration that Marashi's debt to Glaser under the default judgment was nondischargeable.

Judge Drain conducted a trial on August 16, 2017, and concluded, pursuant to 11 U.S.C. § 523(a)(4) and, alternatively, 11 U.S.C. § 523(a)(6), that Marashi's debt under the default judgment was nondischargeable. On August 24, 2017, Marashi timely filed a notice of appeal.

## DISCUSSION

I.    Standard of Review

District courts review a bankruptcy court's conclusions of law de novo and its findings of fact for clear error. See In re Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009) (citing Momentum Mfg. Corp. v. Emp. Creditors Comm., 25 F.3d 1132, 1136 (2d Cir. 1994)). The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted).

II.   Nondischargeability of the Debt

At trial, Judge Drain found that Glaser had established the elements of sections 523(a)(4) and 523(a)(6) of the Bankruptcy Code, and therefore held Marashi's debt to Glaser under the default judgment was nondischargeable.

The Court agrees with Judge Drain's decision as to section 523(a)(4). Therefore, the Court need not address whether Glaser's debt is nondischargeable under section 523(a)(6).

"Under section 727(b) of the Bankruptcy Code, a debtor is discharged from all debts that arose prior to the order for relief, 'except as provided in § 523.'" In re Grabis, 2018 WL 6131302, at *2 (Bankr. S.D.N.Y. Nov. 20, 2018) (quoting 11 U.S.C. § 727(b)).[1] Section 523 provides in part: "A discharge under section 727 . . . does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or

---

[1]    Both parties will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

3

larceny." 11 U.S.C. § 523(a)(4). "A court must construe these exceptions liberally in the debtor's favor." In re Delia, 2013 WL 5450456, at *9 (S.D.N.Y. Sept. 30, 2013) (citing Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998)). "Nondischargeability under § 523 must be proven by the plaintiff by a preponderance of the evidence." Id. (citing Grogan v. Garner, 498 U.S. 279, 291 (1991)).

"Federal law, which governs the interpretation of [section 523(a)(4)], defines embezzlement for the purposes of Section 523(a) proceedings as 'the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come.'" Forest Diamonds Inc. v. Aminov Diamonds LLC, 2010 WL 148615, at *14 (S.D.N.Y. Jan. 14, 2010) (quoting In re Graziano, 35 B.R. 589, 594 (Bankr. E.D.N.Y. 1983)). "Conversion on its own, absent an intent to defraud, does not constitute embezzlement under this provision." Id. (citing In re Bevilacqua, 53 B.R. 331, 334 (Bankr. S.D.N.Y. 1985)). "However, where evidence—including circumstantial evidence—indicates that a convertor intended to defraud the rightful owner of her property, the conversion constitutes embezzlement and a finding of nondischargeability is warranted." Id. (citing In re Bevilacqua, 53 B.R. at 334). "Unlike debts arising out of fraud or defalcation, those arising out of embezzlement need not involve a fiduciary." In re Bevilacqua, 53 B.R. at 334 (internal citations omitted).

Judge Drain properly found satisfied the first two elements of embezzlement, because Glaser's jewelry was rightfully in Marashi's possession while being owned by Glaser. As established at trial, in around 2004 or 2005, Glaser and Marashi entered into a consignment arrangement whereby Glaser consigned jewelry to Marashi, and Marashi was required to either return the jewelry or sell the jewelry and return the proceeds while keeping a commission. The consignment arrangement is supported by documentary evidence that Glaser submitted at trial,

4

including a list of the jewelry signed by Marashi and a document with descriptions of each piece of jewelry.  In fact, Marashi acknowledged the consignment arrangement while testifying at trial.

Judge Drain also properly found satisfied the third element of embezzlement—fraudulent appropriation.  Marashi did not pay Glaser any proceeds from the consigned jewelry or return the jewelry to Glaser.  It is also clear from the trial testimony that Marashi "concealed the disappearance of the jewelry and/or their proceeds, from Mr. Glaser . . . . , did not return Mr. Glaser's calls, and did not notify Mr. Glaser separately that the jewels and proceeds were missing."  (Transcript of Trial at 67, <u>In re Ali Akbar Marashi</u>, Adv. Proc. No. 15-08350 (Bankr. S.D.N.Y Sept. 20, 2017), Doc. #32).

Moreover, the trial testimony supports Judge Drain's conclusion that Marashi's testimony that he was unable to return the jewelry or proceeds because he was robbed of them was not credible.  Marashi failed to report the alleged robberies to the police or to anyone else, including Glaser; could not provide the dates of the alleged robberies; and did not have any insurance.  In short, Marashi submitted no evidence supporting his contention that he was robbed of the jewelry and provided almost no details as to when and how the robberies occurred.

As noted above, Marashi submitted only a two-page, handwritten letter in support of his appeal.  As far as the Court can tell, Marashi seems to repeat arguments that Judge Drain rejected, including:  (i) the default judgment is invalid because Marashi did not know he was sued in state court; (ii) Glaser sued him ten years after the consignment transaction took place, and therefore should not be entitled to relief; and (iii) Glaser improperly tried to introduce evidence of criminal allegations against Marashi.

Marashi's arguments are meritless.  As to Marashi's first two arguments, the Court will not disturb the default judgment.  Regarding Marashi's third argument, Judge Drain granted

5

Marashi's objection at trial regarding Glaser's proffered evidence of Marashi's alleged arrest, and thus did not consider any evidence of Marashi's alleged arrest in his decision.

Accordingly, the Court affirms the Bankruptcy Court's August 16, 2017, Order and Judgment Declaring Plaintiff's Claim to Be Nondischargeable.

## CONCLUSION

The Bankruptcy Court's August 16, 2017, Order and Judgment Declaring Plaintiff's Claim to Be Nondischargeable is AFFIRMED.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close this case.

Dated: January 4, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge